```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
STEVEN CYPRESS, individually and on behalf of all others
similarly situated,

                              Plaintiff,
                                                                    Decision & Order
          -against-                                                 16-cv-2478 (ADS)(ARL)

CINTAS CORPORATION NO. 2,

                              Defendant.
----------------------------------------------------------------------------x
```

APPEARANCES:

**Moser Employment Law Firm, P.C.**
*Attorneys for the Plaintiff*
3 School Street, Suite 207B
Glen Cove, NY 11542
     By:   Steven J. Moser, Esq., Of Counsel

**Jackson Lewis, P.C.**
*Attorneys for the Defendant*
58 South Service Road, Suite 250
Melville, NY 11747
     By:   Jeffrey W. Brecher, Esq., Of Counsel

**SPATT, District Judge:**

On May 15, 2016, the Plaintiff Steven Cypress (the "Plaintiff") commenced this putative wage-and-hour class action against his employer, Cintas Corporation No. 2 ("Cintas"), alleging that Cintas violated the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. LAB. L. § 190 *et seq.*, by failing to pay him the statutorily required overtime wages, and failing to provide him with wage statements setting forth his regular and overtime rates of pay.

On August 22, 2016, pursuant to the provisions of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, Cintas filed a motion seeking to compel the Plaintiff to arbitrate his wage-and-

hour claims in accordance with the terms of an employment agreement, and to stay this action in the interim.

For the reasons that follow, the Defendant's motion to compel arbitration is granted in its entirety.

I. BACKGROUND

Cintas first employed the Plaintiff as a Service and Sales Representative in February 2012.

Pursuant to an employment agreement dated February 6, 2012 (the "2012 Agreement"), prior to being hired, the Plaintiff apparently agreed to certain terms and conditions of employment. Among these, he agreed to an arbitration clause requiring the parties to resolve through the process of binding arbitration "any dispute or difference" between them "concerning whether either party at any time violated any duty, right, law, regulation, public policy, or provision of this Agreement." By its terms, "[t]he rights and claims of [the Plaintiff] covered by [the arbitration clause] . . . specifically include[d] . . . all of the [the Plaintiff]'s rights or claims arising out of or in any way related to [the Plaintiff]'s employment with [Cintas], such as rights or claims arising under . . . the Fair Labor Standards Act . . . [and] other state or local laws regarding employment . . ." (the "Arbitration Clause").

Approximately one year later, on February 7, 2013, the parties entered into a second employment agreement (the "2013 Agreement"). According to its express terms, in exchange for again agreeing to arbitrate any employment-related disputes, Cintas agreed to increase the Plaintiff's rate of pay.

In this regard, an earnings statement for the week ending February 1, 2013, namely, the pay period immediately preceding the 2013 Agreement, indicates that the Plaintiff was paid a regular wage of $11.75 per hour. However, consistent with the 2013 Agreement, the Plaintiff's earnings statement for the week ending March 15, 2013 indicates that his regular rate of pay was increased to

$11.98 per hour, and he was compensated retroactively in the amount of $0.23 for each of the 144 hours he worked after signing the 2013 Agreement.

On April 23, 2014, the parties entered into a third employment agreement (the "2014 Agreement"). In exchange for again agreeing to arbitrate any employment-related disputes, Cintas agreed to increase the Plaintiff's rate of pay.

However, Cintas concedes that it failed to increase the Plaintiff's regular wages as set forth in the 2014 Agreement.

The Plaintiff's employment was terminated on or about January 7, 2015.

## II. DISCUSSION

### A. The Standard of Review

As this Court has recognized, the FAA "creates a strong federal policy favoring arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 273 F. Supp. 2d 260, 263 (E.D.N.Y. 2003) (Spatt, J.) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991)). "Indeed, the Act 'leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Id.* at 264 (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997)).

There are three factors relevant to determining whether to compel arbitration: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement; and (3) whether Congress intended the plaintiff's claims to be nonarbitrable. *See id.* (citing *Bird v. Shearson Lehman/American Express, Inc.*, 926 F.2d 116, 118 (2d Cir. 1991)). In applying this test, "the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citing cases). "Thus, '[a] motion to compel arbitration may be granted when the pleadings, the

3

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torres v. United Healthcase Servs.*, 920 F. Supp. 2d 368, 372 (E.D.N.Y. 2013) (quoting *LaVoice v. UBS Fin. Servs., Inc.*, No. 11-cv-2308, 2012 U.S. Dist. LEXIS 5277, at *5-*6 (S.D.N.Y. Jan. 13, 2012)).

As the party resisting arbitration, the Plaintiff bears the burden of proving that the claims at issue are unsuitable for arbitration. *See id.*; *see also Spinelli v. NFL*, 96 F. Supp. 3d 81, 99 ("Because of [the] policy favoring arbitration, the burden of persuasion falls on the party attempting to escape an arbitration agreement, not the one attempting to enforce it" (citation and quotation marks omitted)).

B.   As to the Enforceability of the Arbitration Clause

The Court's analysis necessarily begins with the proposition that issues in cases involving a broad arbitration clause, such as the Arbitration Clause in this case, are "presumptively arbitrable." *Collins & Aikman Prod. Co. v. Building Sys..*, 58 F.3d 16, 20 (2d Cir. 1995). Thus, the Plaintiff bears the burden of establishing that the claims at issue are unsuitable for arbitration.

In furtherance of this responsibility, the Plaintiff sets forth two variations of substantially the same argument. In particular, the Plaintiff contends that the employment agreements – each of which contains a materially indistinguishable version of the Arbitration Clause – are not legally valid contracts because the Plaintiff received no consideration for his alleged agreement to arbitrate any potential employment disputes. Specifically, the Plaintiff argues that, because Cintas allegedly failed to increase his salary as set forth in the 2013 Agreement and the 2014 Agreement, the agreements as a whole are not enforceable.

Also, for substantially the same reason, the Plaintiff claims that he was fraudulently induced to enter the employment agreements. In this regard, the Plaintiff reiterates that he only agreed to sign the employment agreements based on the false assertion by Cintas that his salary would be

4

increased. To the extent that his salary was not increased, he contends that the agreements are unenforceable.

1. The Plaintiff's Arguments Fail to Account for the February 2012 Employment Agreement

Initially, to the extent the Plaintiff's opposition is limited to challenging the enforceability of the 2013 Agreement and 2014 Agreement, his argument fails to raise an issue of fact sufficient to defeat the present motion.

In this regard, even assuming that the Plaintiff is not bound by the Arbitration Clause contained in the 2013 Agreement and 2014 Agreement, he has not set forth any rational basis for finding the 2012 Agreement and its Arbitration Clause unenforceable.

Indeed, as Cintas appropriately notes, pursuant to that agreement, in exchange for agreeing to arbitrate his employment-related disputes, the Plaintiff was given an offer of employment. This indisputably constitutes valid consideration for the bargain. *See, e.g.*, *Latulas v. Labor Ready Northeast, Inc.*, No. 03-cv-120A, 2004 U.S. Dist. LEXIS 137378, at *7 (W.D.N.Y. June 25, 2004) ("An offer of employment is sufficient consideration to support an employee's promise to arbitrate"); *Moorning-Brown v. Bear, Stearns & Co.*, No. 99-cv-4130, 1999 U.S. Dist. LEXIS 18051, at *10 (S.D.N.Y. Nov. 23, 1999) (finding that a "plaintiff's promise to arbitrate is supported by [the employer]'s offer of employment to plaintiff and its continued employment of plaintiff"); *Diaz v. Josephthal, Lyon & Ross Inc.*, No. 97-cv-4802, 1998 Dist. LEXIS 22204, at *7 (S.D.N.Y. Aug. 26, 1998) (finding arbitration clause enforceable where "the consideration for [an at-will employee's] promise to arbitrate was her continued employment opportunity . . .").

Further, the Plaintiff does not assert that he was fraudulently induced to enter into the 2012 Agreement.

Consequently, even accepting the Plaintiff's arguments that nothing contained in the 2013 Agreement and 2014 Agreement requires him to arbitrate – a proposition that is questionable on the

5

current record – he is still bound by the clear and unambiguous terms of the 2012 Agreement, which provide that the exclusive method of resolving alleged wage-and-hour violations arising "at any time" during his employment is binding arbitration.

2. **The Plaintiff's Arguments, If Proven, Do Not Warrant the Relief He Seeks**

Even if the 2012 Agreement did not provide an independent ground to support compulsory arbitration in this case, the Court finds that the legal theories upon which the Plaintiff relies to contest the enforceability of the 2013 Agreement and 2014 Agreement are insufficient to overcome the presumption of arbitrability.

In reaching this conclusion, the Court reiterates that the Plaintiff does not challenge the enforceability of the Arbitration Clause itself. Rather, as noted above, the Plaintiff contends that the broader employment agreements, of which the Arbitration Clause forms a part, are invalid because: (1) they lacked adequate consideration; and/or (2) were the product of fraud based on Cintas' allegedly false representation that the Plaintiff's salary would increase.

This distinction is important because, as Cintas notes, the Second Circuit has made clear that "challenges to a contract containing an arbitration clause fall into two categories: those that challenge the contract as a whole, and those that challenge the arbitration clause in particular." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 61 (2d Cir. 2012). Where the challenge is to "the arbitration clause itself – an issue which goes to the making of the agreement to arbitrate – the federal court may proceed to adjudicate it." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006). However, "the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally." *Id.*

In other words, as is the case here, "a party's challenge to another provision of the contract [besides the arbitration clause], or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70, 130

6

S. Ct. 2772, 177 L. Ed. 2d 403 (2010); *see Buckeye Check Cashing, Inc.*, 546 U.S. at 444 (describing this category of challenges as attacking "the contract as a whole, either on a ground that directly affects the entire agreement . . . or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid").

Thus, even if the Plaintiff's arguments regarding inadequate consideration and fraud in the inducement are meritorious, insofar as they aim to invalidate the 2013 Agreement and 2014 Agreement in their entirety, they are themselves subject to the Arbitration Clause and inappropriate for resolution by the Court. *See Damato v. Time Warner Cable, Inc.*, No. 13-cv-994, 2013 U.S. Dist. LEXIS 107117, at *18-*19 (S.D.N.Y. July 13, 2013) (citing with approval *Diversified Roofing Corp. v. Pulte Home Corp.*, No. 12-cv-1880, 2012 U.S. Dist. LEXIS 179403, at *15 (D. Ariz. Dec. 19, 2012) for the proposition that, because a challenge based on lack of consideration "goes to the validity of the Agreement and not to the validity of the arbitration provision, the Court cannot consider it"); *Douce v. Broom*, No. 08-cv-483, 2009 U.S. Dist. LEXIS 11809, at *11-*12 (S.D.N.Y. Feb. 17, 2009) (noting that "claims of fraudulent inducement and unconscionability, which are general challenges to the enforceability of a contract, are arbitrable"); *Landis v. Finova Capital Corp.*, 2000 U.S. Dist. LEXIS 5835, at *6 (S.D.N.Y. May 2, 2000) (holding that the defendant's "statement that it considered the agreement 'void' due to fraudulent inducement d[id] not affect the validity or enforceability of the arbitration provision"); *Empire State Messenger Service, Inc.*, No. 87-cv-8076, 1988 U.S. Dist. LEXIS 12665, at *7 (S.D.N.Y. Nov. 7, 1988) ("It has been clearly recognized for over two decades that when a contract contains an arbitration clause, unless the claim is as to the arbitration clause itself, the claim of fraud in the inducement is referable to arbitration"); *Int'l Imaging Materials, Inc. v. Oliverio*, No. 88-cv-638E, 1988 U.S. Dist. LEXIS 19632, at *2 (W.D.N.Y. Dec. 20, 1988) (noting that "issues respecting the validity of the Agreement as a whole – such as duress or failure of consideration – are for the arbitrator").

Accordingly, the Court finds that the Plaintiff has not sustained his burden of overcoming the presumption of arbitrability, and the motion by Cintas to compel arbitration is granted.

### III. CONCLUSION

Based on the foregoing, the motion by the Defendant Cintas to refer the Plaintiff's claims to arbitration in accordance with the terms of the parties' employment agreements is granted. Consequently, pursuant to Section 3 of the FAA, this action is stayed pending the conclusion of the arbitration proceeding.

It is **SO ORDERED:**

Dated: Central Islip, New York
February 11, 2017

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge